# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>    Petitioner,<br><br>    v.<br><br>PFFEIFFER,<br><br>    Respondent. | Case No. 1:16-cv-01708-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO ASSERT CLAIMS UNDER 42 U.S.C. § 1983<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PETITIONER CIVIL RIGHTS COMPLAINT FORM |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 30, 2016, the Court ordered Petitioner to either: (1) show cause why the petition should not be dismissed for lack of jurisdiction pursuant to Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), and for nonexhaustion; (2) notify the Court that he chooses to convert the habeas petition into a § 1983 action; or (3) voluntarily dismiss the petition without prejudice to refiling his claims in a § 1983 action. (ECF No. 11). On December 20, 2016, the Court received a "Memorandum of Understanding" in response to its order. (ECF No. 13). Therein, Petitioner appears to contend that he has established habeas jurisdiction under Nettles and that the appropriate venue for a § 1983 action is the Northern District of California. (ECF No. 13 at 2).

As discussed in the Court's previous order, a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles, 830 F.3d at

934 (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13). In the instant petition, Petitioner challenges a prison disciplinary proceeding (Log No. ASU1-15-08-001) for which he was not penalized with any credit loss or a term in the Security Housing Unit. (ECF No. 1 at 1). Thus, success on Petitioner's challenge to the disciplinary proceeding would not necessarily lead to immediate or earlier release from custody or a reduction of the level of custody. Accordingly, Petitioner has failed to establish that the Court has habeas jurisdiction over this matter under Nettles.

If Petitioner elects to proceed with a § 1983 action, venue is proper in the Eastern District of California because the events at issue occurred at Kern Valley State Prison, which is located in Kern County and within the jurisdictional boundaries of the Eastern District of California. See 28 U.S.C. § 1391(b).

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office is DIRECTED to send Petitioner a civil rights complaint form;
2. Within **THIRTY (30) days** from the date of service of this order, Petitioner may submit a civil rights complaint that names the proper defendants and seeks appropriate relief;[1] and
3. If Petitioner fails to submit a civil rights complaint, the Court will dismiss the instant action without prejudice to Petitioner refiling his claims in a § 1983 action.

IT IS SO ORDERED.

Dated: **January 11, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[1] The complaint should refer to case number 1:16-cv-01708-SAB.