# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PFFEIFFER,<br><br>　　　　Respondent. | Case No. 1:16-cv-01708-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION WITHOUT PREJUDICE<br><br>(ECF No. 25) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On September 13, 2016, Petitioner filed the instant federal petition for writ of habeas corpus was in the United States District Court for the Northern District of California. (ECF No. 1). On November 8, 2016, the petition was transferred to this Court. (ECF No. 6). In the petition, Petitioner appears to challenge a prison disciplinary proceeding (Log No. ASU1-15-08-001) on the grounds of due process, equal protection, and cruel and unusual punishment. (ECF No. 1 at 1, 5).[1] On May 15, 2017, Respondent filed a motion to dismiss. (ECF No. 25). Petitioner has not opposed the motion to dismiss.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner states that he has not presented his claims to the California Supreme Court. (ECF No. 1 at 3). It is possible that, contrary to what is stated in the petition, Petitioner presented all of his claims to the California Supreme Court. However, as Petitioner has not responded to motion to dismiss, it appears that Petitioner failed to exhaust his claims in the instant petition. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of Petitioner's claim. 28 U.S.C. § 2254(b)(1). Accordingly, dismissal is warranted for failure to exhaust state court remedies.[2]

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 25) be GRANTED; and
2. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

---

[2] Because the Court finds that the petition should be dismissed for failure to exhaust, the Court will not rule on Respondent's other ground for dismissal—that Petitioner's claims fall outside the core of habeas. The Court notes that Respondent has not provided sufficient information for the Court to make such a determination. For example, Respondent does not address whether Petitioner would receive the credits he ordinarily would have earned had he not been placed on C-status if Petitioner is successful on his claims and the challenged rules violation is expunged, or whether Petitioner is serving a determinate or indeterminate sentence.

1    This Findings and Recommendation is submitted to the assigned United States District
2 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
3 Rules of Practice for the United States District Court, Eastern District of California. Within
4 **THIRTY (30) days** after service of the Findings and Recommendation, any party may file
5 written objections with the court and serve a copy on all parties. Such a document should be
6 captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
7 objections shall be served and filed within fourteen (14) days after service of the objections. The
8 assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
9 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may
10 waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839
11 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 27, 2017**

UNITED STATES MAGISTRATE JUDGE