# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>        Petitioner,<br><br>   v.<br><br>PFFEIFFER,<br><br>        Respondent. | Case No. 1:16-cv-01708-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION WITHOUT PREJUDICE<br><br>(ECF No. 25) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On September 13, 2016, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On November 8, 2016, the petition was transferred to this Court. (ECF No. 6). In the petition, Petitioner appears to challenge a prison disciplinary proceeding (Log No. ASU1-15-08-001) on the grounds of due process, equal protection, and cruel and unusual punishment. (ECF No. 1 at 1, 5).[1] On May 15, 2017, Respondent filed a motion to dismiss, arguing that Petitioner's claims fall outside the core of habeas relief and that the petition is unexhausted. (ECF No. 25). Petitioner

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  did not oppose the motion to dismiss, and the undersigned issued findings and recommendation

2  to dismiss the petition for failure to exhaust on June 27, 2017. (ECF No. 26).

3       In his objections to the findings and recommendation, Petitioner asserts that he filed state

4  habeas petitions in the Kern County Superior Court, California Court of Appeals, Fifth Appellate

5  District, and the California Supreme Court. (ECF No. 27). On August 16, 2017, the undersigned

6  vacated the findings and recommendation. (ECF No. 29). The parties have filed supplements

7  with respect to the issue of exhaustion. (ECF Nos. 30, 33).

8  **II.**

9  **DISCUSSION**

10       A petitioner in state custody who is proceeding with a petition for writ of habeas corpus

11  must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

12  on comity to the state court and gives the state court the initial opportunity to correct the state's

13  alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.

14  Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

15  providing the highest state court with a full and fair opportunity to consider each claim before

16  presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

17  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

18       The supplemented record before the Court establishes that on March 17, 2017, Petitioner

19  filed a state habeas petition in the California Court of Appeal, Fifth Appellate District. (ECF No.

20  30-2 at 2). On May 4, 2017, the California Court of Appeal denied the petition on the basis that

21  "petitions should be first filed with the superior court which has original jurisdiction before they

22  can be heard by an appellate court, unless there are exceptional circumstances present." (ECF

23  No. 30-3 at 2). Additionally, on March 16, 2017, Petitioner filed a state habeas petition in the

24  California Supreme Court. (ECF No. 30-4 at 2). On May 10, 2017, the California Supreme Court

25  denied the petition with citation to In re Dexter, 25 Cal. 3d 921, 925–26 (Cal. 1979). (ECF No.

26  30-5 at 2). The pages cited by the California Supreme Court provide that "[a]s a general rule, a

27  litigant will not be afforded judicial relief unless he has exhausted available administrative

28  remedies," and that "[t]he requirement that administrative remedies be exhausted 'applies to

grievances lodged by prisoners.'" <u>Dexter</u>, 25 Cal. 3d at 925 (citations omitted).

The Ninth Circuit has held that "[f]or the purposes of the exhaustion doctrine . . . [i]f the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation." <u>Harris v. Superior Court</u>, 500 F.3d 1124, 1128 (9th Cir. 1974) (en banc). District courts have regularly held that if the California Supreme Court denied a petition with citation to <u>Dexter</u>, as in the instant case, the petitioner has not exhausted state judicial remedies. <u>See, e.g.</u>, <u>Herrera v. Gipson</u>, No. 2:12-cv-2982 TLN DAD P, 2014 WL 5463978, at *2 (E.D. Cal. Oct. 27, 2014) (collecting cases).

Petitioner has not provided the California Supreme Court with a full and fair opportunity to consider each claim before presenting it to the federal court. Therefore, the petition is unexhausted, and the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Accordingly, dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 25) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The

assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 20, 2017**

UNITED STATES MAGISTRATE JUDGE