UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN, | No. 1:16-cv-01708-DAD-SAB |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION TO DISMISS, DISMISSING PETITION, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| PFFEIFFER, | |
| Defendants. | |
| | (Doc. Nos. 25, 34) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 302.

On November 21, 2017, the magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted and the petition be dismissed without prejudice for failure to exhaust state court remedies. (Doc. No. 34.) The findings and recommendation were served on petitioner with notice that any objections were to be filed within thirty (30) days of the date of service of the order. Petitioner filed objections to the findings and recommendations on December 6, 2017, and respondent filed a reply to the objections on December 14, 2017. (Doc. Nos. 35, 36.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the undersigned concludes the findings and recommendations are supported by the record and proper analysis. Nothing in petitioner's lengthy objections provides any cause to doubt the magistrate judge's analysis.

Finally, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, for claims denied on procedural grounds, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

Given the above:

1. The findings and recommendations issued November 21, 2017 (Doc. No. 34) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 25) is granted;
3. The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust his claims for relief in state court prior to seeking federal habeas relief;

4. The Clerk of Court is directed to close the case; and

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 23, 2018**

        */s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE